IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LARRY MORRIS                                                                                    PLAINTIFF

v.                                            Civil No. 4:16-cv-04119

JAMES SINGLETON, Sheriff Hempstead
County; CAPTAIN JOHNNY GODBOLT;
LIEUTENANT HEATH ROSS;
SERGEANT MARCI HARDEMAN;
SERGEANT KYLE MALONE; HEMPSTEAD
COUNTY SHERIFF'S DEPARTMENT;
HEMPSTEAD COUNTY DETENTION FACILITY;
OFFICER JOSH PENDERGRASS;
OFFICER ALVIS MILLS; OFFICER
MATTHEW TURBERVILLE;
ADVANCED PRACTICE NURSE JOAN
MCCLAIN; AND NURSE LAURIE                                                        DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Larry Morris filed this case *pro se* pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before me is the issue of preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**BACKGROUND**

Plaintiff filed this case *pro se* on December 20, 2016. ECF No. 1. Plaintiff's Application to Proceed *in forma pauperis* was granted the same day. ECF No. 3. Plaintiff is currently incarcerated in the Arkansas Department of Correction – North Central Unit.

1

The events surrounding Plaintiff's claims occurred while Plaintiff was detained in the Hempstead County Detention Center ("HCDC").

Plaintiff has named the following Defendants in this lawsuit: Sheriff James Singleton, Captain Johnny Godbolt, Lieutenant Heath Ross, Sergeant Marci L. Hardeman, Sergeant Kyle Malone, Hempstead County Sheriff's Department, Hempstead County Detention Facility, Officer Josh Pendergrass, Officer Alvis Mills, Officer Matthew Turberville, Advanced Practice Nurse Joan McClain and Nurse Laurie. ECF No. 1. Plaintiff's Complaint includes numerous claims including denial of adequate medical care, excessive force, denial of access to legal material, unsanitary prison conditions, retaliation for requesting a 1983 complaint form, and inadequate access to and responses to grievance forms at the HCDC. In addition, Plaintiff appears to be challenging the validity of pending state criminal charges against him arising from an incident that occurred in April of 2016 in the HCDC. Plaintiff also makes a request in the Complaint for counsel to be appointed to represent him in this action.[1]

## APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

---

[1] A civil litigant does not have a constitutional or statutory right to appointed counsel in a civil action. 28 U.S.C. 1915 (e) (1).

## DISCUSSION

First, Plaintiff has named the Hempstead County Sheriff's Office and the Hempstead County Detention Facility as Defendants. The Hempstead County Sheriff's Office and Detention Facility are buildings and not persons subject to suit under 42. U.S.C. § 1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Powell v. Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1993)(jail not subject to suit); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987)(sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott County*, 863 F.2d 1017 (8th Cir. 1989).

Next, in his Complaint Plaintiff appears to be challenging the validity of a pending state criminal proceeding against him arising from an incident in the HCDC when, on April 11, 2016, Plaintiff kicked out a window and held a piece of the glass allegedly threatening HCDC staff. ECF No. 1, pg. 15. Plaintiff's claim challenging the pending state criminal proceedings is barred under the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37, 59 (1971). The *Younger* doctrine provides federal courts should abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests, and when that proceeding affords an adequate opportunity to raise the federal questions presented. *See Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005). Because Plaintiff's state criminal case is still pending, "a federal court must not, save in exceptional and extremely limited circumstances, intervene by way of either injunction or declaration in an existing state criminal prosecution." *Younger*, 401 U.S. at 56. Although a narrow exception to the *Younger* abstention doctrine exists when a criminal prosecution is initiated "to retaliate for or discourage the exercise of constitutional rights," no such bad faith is apparent here. *See Mershon v. Kyser*, 852 F.2d 335, 337 (8th Cir. 1988).

Accordingly, Plaintiff's claims relating to the validity of his criminal charges arising from the incident in the HCDC fail to state cognizable claims under § 1983.

Finally, Plaintiff claims several defendants failed to respond to Plaintiff's grievances. He also alleges the grievance procedure at HCDC itself is inadequate because "grievance forms are only made available on Tuesdays and Thursdays". ECF No. 1. Plaintiff does not have an independent constitutional right to a grievance procedure. *See Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002) (quoting *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir.1993)). A jail's failure to process an inmate's grievances, without more, is not actionable under section 1983. *Buckley,* 997 F.2d at 495. Therefore, Plaintiff has failed to state a cognizable claim regarding his grievances.

## CONCLUSION

For the foregoing reasons, I recommend Plaintiff's claims relating to grievances, pending state criminal charges against him, and all claims against the Hempstead County Sheriff's Department and the Hempstead County Detention Facility be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). I recommend all other claims proceed.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 22nd day of December 2016.**

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE