IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LARRY MORRIS                                                                         PLAINTIFF

v.                                          Case No. 4:16-cv-4119

JAMES SINGLETON, Sherriff
Hempstead County; CAPTAIN
JOHNNY GODBOLT; LIEUTENANT
HEATH ROSS; SERGEANT MARCI
HARDEMAN; SERGEANT KYLE
MALONE; OFFICER JOSH
PENDERGRASS; OFFICER ALVIS
MILLS; OFFICER MATTHEW
TURBERVILLE; ADVANCED PRACTICE
NURSE JOAN MCCLAIN;
NURSE LAURIE                                                                        DEFENDANTS

## ORDER

Before the Court is Plaintiff Larry Morris's objections to the dismissal of certain claims. (ECF No. 7). On December 22, 2016, the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas, issued a Report and Recommendation. (ECF No. 6). Judge Marschewski recommended the dismissal with prejudice of Plaintiff's claims related to inadequate access to and responses to grievance forms, claims apparently challenging the validity of state criminal charges and subsequent conviction arising from an April 2016 incident while detained in the Hempstead County Detention Facility ("HCDF"), and all claims against Hempstead County Sherriff's Department and HCDF. Plaintiff did not file timely objections to the Report and Recommendation.[1]  On January 17, 2017, the Court adopted

---

[1] Plaintiff's objections were due on or before January 9, 2017. Plaintiff's untimely objections were dated January 12, 2017, and were filed with the Court on January 17, 2017.

the Report and Recommendation, and the above-referenced claims were dismissed. (ECF No. 8). The present objections were also filed on January 17, 2017. While the Court has no obligation to consider Plaintiff's late-filed objections, the Court will review them nonetheless.

Upon *de novo* review of the Report and Recommendation, the Court finds that Plaintiff's objections should be overruled. Plaintiff's does not object to Judge Marschewski's recommendation that the claims against the Hempstead County Sherriff's Department and HCDF be dismissed. Plaintiff does, however, object to Judge Marschewski's recommendation of dismissal of claims related to grievance forms and claims apparently challenging the validity of state criminal charges against him stemming from a physical altercation with prison guards.

The Court finds that Plaintiff has failed to assert a claim under 42 U.S.C. § 1983 relating to his challenge of the validity of state criminal charges, and his subsequent conviction, in connection with a physical altercation while he was detained at HCDF.[2] The Report and Recommendation recommends that Plaintiff's claim regarding pending state criminal charges should be dismissed. Plaintiff clarifies in his objections that the criminal charges are not pending, but have already concluded. Plaintiff argues further that criminal charges should not have been brought against him because they are not included in a prisoner's handbook which outlines possible punishments for infractions while incarcerated.

The Court is unpersuaded by Plaintiff's argument. The Report and Recommendation recommended dismissal of Plaintiff's claim based on the *Younger* abstention doctrine, which states that federal courts should abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests and that state proceeding affords an

---

[2] On October 26, 2016, Plaintiff was convicted of possession of prohibited articles by incarcerated persons, first-degree assault, and two counts of second-degree battery stemming from an incident in the HCDF where he kicked out a window and refused to put down a shard of glass. Plaintiff made a sudden movement toward the guards, and was pepper sprayed and restrained. One guard was bitten in the struggle, while others were struck in the face.

adequate opportunity to raise a federal question. *See Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (applying the *Younger* doctrine). Based on Plaintiff's statement that the criminal proceedings related to the HCDF altercation have been completed, the Court finds that the *Younger* doctrine does not apply in this case. However, the Court finds that Plaintiff's claim relating to the validity of the criminal charges should still be dismissed.

In *Heck v. Humphrey*, the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486-87 (1994). In this case, Plaintiff has neither obtained a favorable termination of his conviction in connection with the HCDF altercation, nor obtained a writ of habeas corpus. Plaintiff is still incarcerated, and his argument appears to be that the possibility of facing criminal charges was not a listed punishment in the prisoner's handbook, and thus the charges—and subsequent convictions— were improper. Plaintiff's argument is, in essence, a habeas claim, which is not suited for § 1983. Therefore, the Court finds that dismissal of Plaintiff's § 1983 claim challenging the validity of the state charges and conviction is appropriate.

Further, the Court finds that Plaintiff has failed to assert a claim under 42 U.S.C. § 1983 relating to inadequate access to and responses to grievance forms. As Judge Marschewski's Report and Recommendation noted, Plaintiff claims that several defendants failed to respond to his grievances. He also alleges that the grievance procedure at HCDF is inadequate because grievance forms are only made available to inmates on Tuesdays and Thursdays. Judge

Marschewski recommended that "Plaintiff does not have an independent constitutional right to a grievance procedure," and that a "jail's failure to process an inmate's grievances, without more, is not actionable under section 1983." (ECF No. 6). Plaintiff's objections argue that Defendants took deliberate steps to completely deprive him of a grievance process.

The Court is unpersuaded by Plaintiff's objections. He appears to argue that Defendants' failure to respond to certain grievances deprives him entirely of a grievance process, but as Judge Marschewski noted, failure to respond to grievances is insufficient by itself to state a claim under § 1983. Moreover, Plaintiff does not allege that he was denied complete access to grievance forms, as he states that the forms were made available to inmates on certain days. Therefore, the Court finds that Plaintiff has not sufficiently alleged a claim under § 1983 relating to grievances, and thus dismissal of this claim is appropriate.

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed above, the Court hereby overrules Plaintiff's objections and adopts the Report and Recommendation. (ECF No. 6).

**IT IS SO ORDERED**, this 31st day of January, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge