IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LARRY MORRIS, JR.                                               PLAINTIFF

v.                          Civil No. 4:16-cv-4119

SHERRIFF JAMES A. SINGLETON;
CAPTAIN JOHNNY GODBOLT;
LT. HEATH ROSS; SGT. MARCIA
HARDEMAN; SGT. KYLE MALONE;
OFFICER ALVIS MILLS; OFFICER
MATTHEW TURBERVILLE;
ADVANCED PRACTICE NURSE
JOAN MCCLAIN; NURSE LAURIE                                      DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation issued April 26, 2018, by the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 34). Plaintiff Larry Morris, Jr. has filed objections. (ECF No. 35). The Court finds the matter ripe for consideration.

## I. BACKGROUND

On December 20, 2016, Plaintiff filed this case pursuant to 42 U.S.C. § 1983, alleging that he was subjected to constitutional violations during his incarceration at the Hempstead County Detention Center. Specifically, Plaintiff asserts claims of deliberate indifference, excessive force, denial of access to the courts, conditions of confinement, and retaliation.

On December 18, 2017, Defendants Singleton, Godbolt, Ross, Hardeman, Malone, Mills, Turberville, Mclean, and Laurie filed a motion for summary judgment. (ECF No. 22). On December 19, 2017, the Court entered an order directing Plaintiff to respond to the summary judgment motion by January 9, 2018. (ECF No. 25). Plaintiff was further advised that failure to

comply with the order could result in the dismissal of his case. This order was not returned as undeliverable.

On January 17, 2018, Plaintiff filed a motion for an extension of time to file his response to the summary judgment motion. (ECF No. 26). On January 18, 2018, the Court extended Plaintiff's time to respond to February 8, 2018. (ECF No. 27). On February 26, 2018, Plaintiff filed a second motion for extension of time. (ECF No. 30). On March 22, 2018, the Court extended Plaintiff's time to respond to the summary judgment motion to April 6, 2018. (ECF No. 33). To date, Plaintiff has not filed a response to the summary judgment motion.

On April 26, 2018, Judge Marschewski issued the instant Report and Recommendation, finding that Plaintiff failed to comply with the Court's order to file a response to the summary judgment motion, despite receiving two extensions of time in which to do so. Judge Marschewski found further that the Federal Rules of Civil Procedure and the Local Rules contemplate dismissal of a case when a plaintiff fails to obey a court order. Accordingly, Judge Marschewski concluded that Plaintiff's case should be dismissed without prejudice for his failure to obey the Court's order.

On May 14, 2018, Plaintiff filed objections to the Report and Recommendation. Pursuant to 28 U.S.C. § 646(b)(1), the Court will conduct a *de novo* review of all issues related to Plaintiff's specific objections.

## II. DISCUSSION

Plaintiff objects to the Report and Recommendation on the basis that he underwent surgery, which delayed his ability to properly respond to the summary judgment motion. Plaintiff also states that he does not have legal assistance because the Court has denied his motions for appointment of counsel and because he currently does not have access to other inmates who previously assisted him in litigating this case. In light of this, Plaintiff asks the Court for an

additional extension of time in which to respond to the summary judgment motion. Plaintiff also appears to request a stay of this case in order for him to obtain aid in proceeding further.

Plaintiff also requests an extension of time in which to conduct discovery, citing Federal Rule of Civil Procedure 15 and stressing his need to gather evidence in support of his response to the summary judgment motion.[1] Plaintiff states that he previously requested an extension during discovery, but that the request was denied.[2]

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

---

[1] Rule 15 governs the amendment of pleadings. Rule 15 does not apply in this instance because Plaintiff is not seeking leave to file an amended complaint.

[2] On July 26, 2017, Plaintiff filed a motion requesting a thirty-day extension of time in which to respond to Defendants' propounded interrogatories. (ECF No. 20). On August 30, 2017, the Court denied the motion. It does not appear that Plaintiff filed any other motions regarding the discovery deadline.

3

Upon consideration, the Court finds that Plaintiff's objections provide neither law nor fact which would cause the Court to deviate from Judge Marschewski's Report and Recommendation. Plaintiff does not deny that he failed to respond to the summary judgment motion by the Court-imposed deadline. Instead, Plaintiff argues that he should receive either a third extension of time to respond to the summary judgment motion or a stay of the case because he underwent surgery, is currently unable to receive assistance from other inmates who previously helped him prepare filings in this case, and requires more time to conduct discovery in order to adequately respond to the motion.

Plaintiff first states that he could not respond to the summary judgment motion because he underwent surgery. However, he gives no details as to when the surgery occurred or how the surgery prevented him from responding to the motion, despite already obtaining two extensions of time in which to do so. Without further details regarding the surgery and its effect on Plaintiff, the Court cannot find the surgery to be a sufficient reason to excuse Plaintiff's failure to comply with the Court's order.

Plaintiff also requests that the Court grant him an extension or otherwise stay this case because he is not represented by counsel and currently does not have access to other inmates who have previously helped Plaintiff prepare filings for this case. As the Court explained when it denied his motion for appointment of counsel on March 1, 2018, civil litigants do not have a constitutional or statutory right to appointed counsel, and the circumstances of this case do not justify appointment of counsel at this time.

It is undisputed that on March 22, 2018, the Court extended Plaintiff's time to respond to the summary judgment motion to April 6, 2018. Plaintiff did not file his response by the deadline and did not seek an additional extension of time before the expiration of the deadline. In fact,

Plaintiff did not raise the request for a third extension or a stay until over a month after the expiration of the Court-imposed deadline, when he filed the instant objections.[3] In doing so, Plaintiff does not specify what length of extension or a stay he would require to obtain assistance from other inmates. Nor does Plaintiff state that he would indeed be able to find inmates willing and able to help him. The Court has already granted Plaintiff two extensions, collectively extending Plaintiff's time to respond to the summary judgment by three months. Defendants' summary judgment motion has been pending for five months and the Court cannot continuously extend Plaintiff's time to respond. Moreover, Plaintiff has not established sufficient grounds to justify an indefinite stay of this case.

The Court is also unpersuaded by Plaintiff's request for an extension of time to conduct discovery. Federal Rule of Civil Procedure 16(b) instructs that a court must issue a pretrial scheduling order that, among other things, limits the time to complete discovery. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To establish good cause for an extension of an expired discovery deadline, a party "must—at minimum—itemize the necessary discovery and explain why they were not able to complete that discovery before [the deadline]." *Hagen v. Siouxland Obstetrics & Gynecology, P.C.*, 286 F.R.D. 423, 425 (N.D. Iowa 2012).

The discovery deadline in this case passed on October 17, 2017. Although Plaintiff states that more discovery is necessary to respond to the summary judgment motion, he does not state what evidence he hopes to obtain through additional discovery, how the evidence is necessary for him to respond, or why he could not have obtained the evidence before now. Moreover, Plaintiff

---

[3] Moreover, objections to a Report and Recommendation are not the proper mechanism by which to request an extension of a deadline. Such a request should be made in the form of a written motion, as Plaintiff has done in the past.

offers no explanation as to why he is only now requesting an extension of time to conduct discovery, seven months after the expiration of the discovery period. Accordingly, the Court finds that Plaintiff has failed to establish good cause to reopen and extend discovery.

### III.  CONCLUSION

For the foregoing reasons and upon *de novo* review, the Court hereby overrules Plaintiff's objections and adopts the Report and Recommendation (ECF No. 34) *in toto*. Accordingly, Plaintiff's case is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2).

**IT IS SO ORDERED**, this 21st day of May, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge